UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

LINDA ANDERSEN,

    Plaintiff,

v.                               Case No.:

AETNA LIFE INSURANCE COMPANY,

    Defendant.

_____/

## COMPLAINT FOR DISABILITY BENEFITS

Plaintiff, Linda Andersen, by and through undersigned counsel, hereby files her Complaint against Defendant, Aetna Life Insurance Company, and says:

### I.  JURISDICTION AND VENUE

1. Plaintiff's claims are filed pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq*. Jurisdiction exists pursuant to 29 U.S.C. § 1132(f) and venue is proper pursuant to 29 U.S.C. § 1132(e).

### II. PARTIES

2. Plaintiff, Linda Andersen ("Ms. Andersen"), is a citizen of the United States of America and was at all times relevant a participant of the long-term disability insurance policy at issue (the "long-term disability policy"). Defendant, Aetna Life Insurance Company (hereinafter "Aetna" or "Defendant"), is the insurer and claims administrator of the long-term disability policy, is a foreign corporation authorized to do business in Florida, and can be found in the Southern District of Florida.

### III.     FACTS

3. At all times material to this action there was in full force and effect a group long-term disability policy that was underwritten and administered by Defendant.

4. At all times material, Aetna operated under an inherent structural conflict of interest because of its dual role as administrator of claims while serving as the insurance company paying benefits out of its own assets.

5. Ms. Andersen was employed with The Home Depot, U.S.A., Inc., as a District Human Resources Manager. By virtue of her employment, Ms. Andersen was an eligible participant of the long-term policy at all times material to this action.

6. The purpose of the long-term disability policy was to provide Ms. Andersen a monthly benefit in the event she became disabled.

7. The long-term disability policy defined Disability, in pertinent part, as follows:

*From the date that you first became disabled and until monthly benefits are payable for 24 months you meet the test of disability on any day that:*

- *You cannot perform the material duties of your own occupation solely because of an illness, injury or disabling pregnancy-related condition; and*
- *Your earnings are 80% or less of your adjusted presdisability earnings.*

*After the first 24 months of your disability that monthly benefits are payable, you meet the plan's test of disability on any day you are unable to work at any reasonable occupation solely because of an illness, injury or disabling pregnancy-related condition.*

8. Ms. Andersen suffers from multiple medical conditions and symptoms, including, but not limited to: neuropsychological deficits, cognitive impairment, memory loss, dizziness, fatigue, and migraines.

9. Ms. Andersen has been unable to work in her own or any reasonable occupation at all times material to this claim; she is disabled under the terms of the long-term disability policy.

10. Ms. Andersen was forced to discontinue working in November of 2013 due to her disabling conditions.

11. In accordance with the procedures set forth by the long-term disability policy, Ms. Andersen notified Defendant that she was disabled.

12. Defendant approved Ms. Andersen's long-term disability benefits in a letter dated February 19, 2014.

13. Defendant terminated Ms. Andersen's benefits by letter dated November 17, 2015.

14. Ms. Andersen timely appealed Defendant's decision to terminate her long-term disability benefits.

15. Defendant denied Ms. Andersen's appeal for long-term disability benefits by letter dated March 15, 2016.

16. Ms. Andersen exhausted her appeals under ERISA.

17. In terminating Ms. Andersen's long-term disability benefits, Defendant deemphasized medical evidence favoring disability and instead relied on the views of its own medical consultants.

18. The termination of Ms. Andersen's long-term disability benefits was a breach of the terms of the long-term disability policy, and the decision was wrong and arbitrary and capricious.

19. The termination of Ms. Andersen's disability benefits breached the fiduciary duties owed to Ms. Andersen under ERISA. Defendant further failed to discharge its duties in respect to

discretionary claims processing solely in the interests of Ms. Andersen as a participant of long-term disability policy.

## IV. COUNT I: LONG-TERM DISABILITY BENEFITS

Plaintiff incorporates the allegations contained in Paragraphs 1 through 19 as if fully stated herein and says further that:

20. Plaintiff is entitled to certain benefits of the policy consisting of past long-term disability benefits including prejudgment interest, retroactive to the day benefits were denied pursuant to 29 U.S.C. §1132(a)(1)(B).

21. Plaintiff is entitled to the benefits identified herein because:
    a. the benefits are permitted benefits under the policy;
    b. Plaintiff has satisfied all conditions to be eligible to receive the benefits;
    c. Plaintiff has not waived or otherwise relinquished her entitlements to the benefits.

22. Defendant has refused to pay the benefits sought by Ms. Andersen, ignoring the medical records and clear opinions of her physicians.

## V. COUNT II: ATTORNEY'S FEES

Plaintiff incorporates the allegations contained in Paragraphs 1 through 22 as if fully stated herein and says further that:

23. To the extent that Defendant violated any provisions of Subchapter I of Title 29, Chapter 18 of the United States Code, Plaintiff is entitled to reasonable attorney's fees and costs of this action pursuant to 29 U.S.C. §1132(g)(1).

## VI. RELIEF REQUESTED

Plaintiff incorporates the allegations contained in Paragraph 1 through 23 as if fully stated herein and says further that:

24. As a result of the acts and/or omissions of Defendant as alleged herein, Defendant owes Plaintiff unpaid long-term disability benefits, plus interest.

25. Defendant is also liable for Plaintiff's attorney's fees and the costs of litigation in an amount to be proven at trial.

26. Defendant is also liable to place Plaintiff in the position she would have enjoyed under the policy had she not been wrongfully denied benefits by Defendant.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Linda Andersen, prays for a judgment against Defendant for the relief as plead herein and for such other relief as this Honorable Court deems just and proper.

*Respectfully submitted this  27th  day of January 2017.*

*/s/ Edward Philip Dabdoub*
Edward Philip Dabdoub (FBN. 45685)
eddie@longtermdisability.net
Carter Meader (FBN. 116907)
carter@longtermdisability.net
Geannina Burgos (FBN. 113242)
nina@longtermdisability.net
WAGAR DABDOUB, P.A.
1600 Ponce de Leon Blvd., Suite 1205
Coral Gables, Florida 33134
Tel: (305) 754-2000
Fax: (305) 754-2007
*Counsels for Plaintiff, Linda Andersen*